Ronald **ABNEY**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 45S00–8711–CR–1049.

Supreme Court of Indiana.

May 3, 1990.

Ronald Abney, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony and Theft/Receiving Stolen Property, a Class D felony. The trial judge found aggravating circumstances and sentenced appellant to seventeen (17) years imprisonment.

The facts are: On September 9, 1986, appellant burglarized the home of Stanley Jablonski in Schererville, Indiana. Numerous items were taken, including some firearms and ammunition. Appellant's codefendant, James Garcia, made a statement to the police that he and appellant entered Jablonski's residence and removed property without permission. Because the victim was a public defender in the court in which appellant was charged, the court assigned a special public defender to the case.

Appellant claims the trial court abused its discretion by subjecting him to an unfair sentencing hearing. He contends his sentencing hearing was unfair because the victim was permitted to testify and placed into the record matters which he had come by because of his position as a public defender within the judicial system before which appellant stood charged.

An examination of Mr. Jablonski's testimony at the sentencing hearing reveals that almost all of the matters he discussed were matters which were known to the prosecutor, the probation officer who prepared the presentence investigation, and the trial judge. All Mr. Jablonski was doing was commenting upon facts already before the court to justify his recommendation to the court that appellant be sentenced to the full term of twenty (20) years allowed under the statute.

The only fact we can discern in Mr. Jablonski's testimony which was not already known to the authorities was his statement that his parents were due to arrive at his home approximately an hour after the burglary was committed. He made the observation that, if they had arrived early, they might have been physically harmed, especially in view of the fact that the burglars took firearms and ammunition from his home.

We do not perceive that this is testimony or speculation which would be any different from the testimony of any victim at a sentencing hearing. In fact, the law presumes that in any burglary of a dwelling there is a hazard to human life. That is the precise reason why the statute, Ind. Code § 35–43–2–1, provides for a greater penalty when a burglary is committed by entering a dwelling. Mr. Jablonski's obser-

vation, in this regard, added nothing to the presumption built into the statute.

 Appellant also contends that he was subjected to unfair treatment because of the personal relationship between the victim, the prosecutor, and the investigating police officers. It is true that this unavoidable relationship existed between the parties. However, there is nothing in this record to indicate that appellant was treated any differently during the investigation, the trial, and the sentencing than any other person so charged. The mere fact that Mr. Jablonski was well acquainted with the criminal justice system and was able to articulate his views concerning appellant's case does not, in and of itself, indicate any unfair handling of the case.

After hearing the evidence at the sentencing hearing, the trial judge, in pronouncing sentence, did not refer to Mr. Jablonski's testimony but referred to appellant's prior criminal record and the testimony received at the hearing concerning that record. The court had before it prior crimes, including burglary committed by appellant, and the fact that appellant had violated terms of prior probation. The sentence imposed by the trial court was in fact three years less than the maximum which he could have imposed under the statute. We find nothing in this record to indicate any unfair treatment of appellant by reason of the victim's association with the criminal justice system of Lake County.

Appellant also claims the trial court erred in not admonishing the victim and prohibiting him from testifying in an "aggressive and prejudicial manner." An examination of the record does not disclose Mr. Jablonski's testimony taking such a posture. On direct examination, he answered the prosecutor's questions calmly, succinctly, and without elaboration, with the exception of his statement concerning his parents and the possibility of their injury. He was subjected to pointed and extended cross-examination by appellant's counsel; however, he apparently remained calm and answered in a succinct and forthright manner without undue elaboration.

Appellant contends he was harmed by the testimony of the victim. He points to the fact that the victim testified that one of the guns stolen from his house was used in a subsequent robbery in which a victim was wounded. However, it was brought out that this robbery was not perpetrated by the appellant in this case but rather by a person who had somehow acquired the weapon stolen from the victim's home. This was merely a factual situation known by the police which appears to have played no part in the trial judge's sentencing of appellant.

Although the facts in any criminal prosecution are detrimental to the defendant, we see nothing in the record before us that would indicate this case was handled any differently than any other burglary case. The legislature has created the public policy that the courts should seek input from victims in the sentencing process. *See* Ind. Code § 35–38–1–9. The record in this case does not disclose any unfair treatment of appellant.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.